IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY LOWMAN, <br><br> Plaintiff, <br><br> vs. <br><br> N. LOADHOLT, et al., <br><br> Defendants. | 1:10-cv-00329-AWI-GSA-PC <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE <br> (Doc. 27.) <br><br> OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On August 30, 2012, the Court issued an order requiring Plaintiff to file a response to Defendants' motion for summary judgment of July 2, 2012, within thirty days.[1] (Doc. 27.) The thirty day period has now expired, and Plaintiff has not filed a response to the motion for summary judgment, or otherwise responded to the Court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

---

[1] Plaintiff was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but did not do so. Local Rule 230(l).

1

1  disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing
2  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

3  "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
4  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has
5  been pending since February 25, 2010.  Plaintiff's failure to respond to the Court's order may reflect
6  Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend
7  its scarce resources assisting a litigant who will not help himself by defending his lawsuit against
8  summary judgment.  Thus, both the first and second factors weigh in favor of dismissal.

9  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
10 itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk
11 that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to
12 respond to Defendant's motion for summary judgment which is causing delay.  Therefore, the third factor
13 weighs in favor of dismissal.

14 As for the availability of lesser sanctions, at this stage in the proceedings there is little available
15 to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
16 unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action,
17 making monetary sanctions of little use, and given the stage of these proceedings, the preclusion of
18 evidence or witnesses is not available. The dismissal being considered in this case is with prejudice,
19 which is the harshest possible sanction. However, the Court finds this sanction appropriate in light of
20 the fact that three months have passed since Defendants filed the motion for summary judgment, and
21 Plaintiff has yet to file an opposition.

22 Finally, because public policy favors disposition on the merits, this factor will always weigh
23 against dismissal.  Id. at 643.

24 Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice,
25 based on Plaintiff's failure to obey the Court's order of August 30, 2012 and failure to prosecute this
26 action.
27 ///
28

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 11, 2012                            /s/ Gary S. Austin
                                                                UNITED STATES MAGISTRATE JUDGE

3